*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0579**

State of Minnesota,
Respondent,

vs.

Kou Yang,
Appellant.

**Filed June 17, 2024**
**Reversed and remanded**
**Larson, Judge**

Pine County District Court
File No. 58-CR-22-456

Keith Ellison, Attorney General, Ed Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and

Reese Frederickson, Pine County Attorney, Pine City, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Leah C. Graf, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Gaïtas, Presiding Judge; Worke, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**LARSON**, Judge

In this direct appeal from the district court's judgment of conviction, appellant Kou Yang argues that he was denied due process when the district court failed to employ proper

procedures to ensure Yang was not tried and convicted while incompetent. Because we agree that Yang was denied due process, we reverse and remand to the district court.[1]

## FACTS

On June 13, 2022, respondent State of Minnesota charged Yang with third-degree possession of a controlled substance pursuant to Minn. Stat. § 152.023, subd. 2(a)(1) (2020). The charges were based on Pine County sheriff's deputies confiscating a glass pipe and several small bags containing a white crystalline substance from Yang's person and backpack after stopping him while he was walking alone on the shoulder of a two-lane highway.

As Yang's criminal case progressed, his attorney developed concerns about Yang's competency, leading the attorney to request a competency evaluation under Minnesota Rules of Criminal Procedure 20.01 and 20.02. The attorney based the request, at least in part, on a competency evaluation in a prior case in which Yang was found incompetent. Further, Yang made several concerning statements to the district court during a hearing on August 9, 2022, that included: nonsensical statements about the Vietnam War, COVID-19, and Watergate; naming himself a "king," the "son of men," and "the tabernacle of God"; and stating that "this is a replay of life." On August 19, 2022, the district court issued an order

---

[1] Yang separately argued the district court erred when it denied his motion to suppress evidence that he claims the state obtained in violation of his Fourth-Amendment protection against unreasonable searches and seizures. At oral argument, Yang's counsel conceded that if the district court denied Yang due process, all subsequent proceedings would be invalid, including the contested omnibus hearing where Yang moved to suppress evidence. Because we determine that Yang was denied due process regarding the competency proceedings, and we agree with Yang's counsel that all subsequent proceedings were invalid, we do not reach Yang's Fourth-Amendment argument.

expressly finding "[t]here is reason to believe [Yang] may be mentally ill or mentally deficient so as to be incapable of understanding the proceedings or participating in [his] defense," and ordering a rule 20.01 competency evaluation.

A few days later, on August 22, 2022, the state filed an amended complaint, reducing Yang's charge to fifth-degree possession of a controlled substance in violation of Minn. Stat. § 152.025, subd. 2(1) (2020). Thereafter, Yang's attorney filed a letter with the district court. In that letter, the attorney noted the recent request for a rule 20.01 competency evaluation but stated that "Yang appears to be functioning much better now that he has had some time to detox in the jail." In addition, the attorney wrote that Yang wished "to enter a straight plea," and wanted "to be released to treatment." The letter ended with a request that the district court schedule a hearing.

The district court held a hearing on August 30, 2022. At the hearing, Yang's attorney requested an opportunity to consult with Yang to ensure Yang understood "what he's asking for and what is happening today." Following the consultation, the district court noted that it scheduled the hearing as a plea hearing and then asked Yang's counsel "what is the status today?" Yang's counsel responded:

> Your Honor, I don't know what the status is. I originally asked for a Rule 20. Mr. Yang said no, he's feeling just fine, there is no reason for a Rule 20. He wants to contest issues I don't think are things that should be contested. So I guess he really, really wants a contested omnibus hearing and thinks this will be dismissed if we have that. So I think we'll set it for a contested omnibus within time requirements.

3

The district court then set an omnibus hearing for September 20, 2022, to resolve Yang's motion to suppress the evidence seized from his person and backpack. Following the hearing, the district court denied the motion and the matter proceeded to a two-day jury trial. At the conclusion of trial, the jury found Yang guilty of fifth-degree possession of a controlled substance. The district court entered judgment of conviction and sentenced Yang to 21 months in prison. Yang appeals.

**DECISION**

Yang argues he was deprived of his right to due process because the district court had reason to doubt his competency but did not employ appropriate procedures to ensure he was not tried and convicted while incompetent.

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). "A district court's failure 'to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.'" *Id.* (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)). "Whether a [district] court observed procedures adequate to protect a defendant's right not to be tried or convicted while incompetent is a different question than whether the defendant is incompetent." *Id.* Thus, a reviewing court should focus narrowly on "whether the [district] court, in fulfilling its protective duty, should have conducted further inquiry." *Id.* (quoting *State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976)). Whether undisputed evidence in the record raised sufficient doubt regarding a defendant's competency, such that the district

4

court needed to conduct further inquiry, is a legal question we review de novo. *See State v. O'Neill*, 945 N.W.2d 71, 78 (Minn. App. 2020), *rev. denied* (Minn. Aug. 11, 2020).

Under rule 20.01, subdivision 3, if a "prosecutor, defense counsel, or the court, at any time, doubts the defendant's competency," the doubting attorney or the court "must raise the issue" even without "[t]he defendant's consent." If the district court then determines that there is reason "to doubt the defendant's competency, the court *must* suspend the criminal proceedings," and follow the procedure outlined in the rule. *See* Minn. R. Crim. P. 20.01, subd. 3 (emphasis added). In felony cases, the district court must determine if probable cause exists that the defendant committed the offense or offenses charged, and if probable cause exists, "the court must order an examination of the defendant's mental condition and set a Rule 20 hearing to occur no later than 60 days from the date of the court's order." *Id.*, subd. 3(b).

We agree with Yang that the district court deprived him of his right to due process. The district court issued an order for a rule 20.01 competency evaluation on August 19, 2022. In that order, the district court specifically found there was probable cause that Yang committed the offense charged, and there was "reason to believe [Yang] may be mentally ill or mentally deficient" such that he was "incapable of understanding the proceedings or participating in [his] defense." Rule 20.01 is clear that, under such circumstances, the district court must order a competency evaluation and suspend the criminal proceedings. While the district court did order an examiner to evaluate Yang's competency, it failed to suspend the criminal proceedings. Instead, the district court allowed the matter to proceed to a plea hearing, a contested omnibus hearing, and through the entirety of trial to a

5

judgment of conviction and sentencing.  Thus, we conclude the district court deprived Yang of his right to due process when it failed to suspend the criminal proceedings and allowed Yang to stand trial while the question of his competency remained unresolved.

Because the district court ordered a rule 20.01 competency evaluation but failed to suspend criminal proceedings until the evaluation was complete, we conclude the district court deprived Yang of his right to due process.  As a result, all proceedings subsequent to the district court's August 19, 2022 competency-evaluation order are invalid.  We therefore reverse the judgment of conviction and remand to the district court to complete a rule 20.01 competency evaluation and for such further proceedings as may be necessary and consistent with this opinion.

**Reversed and remanded.**